**UNITED STATES of America, Plaintiff—Appellee,**

v.

**JUVENILE, Defendant—Appellant.**

**No. 04–30188.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2004.*

Decided Dec. 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: LAY, FERGUSON, and GOULD, Circuit Judges.

## MEMORANDUM **

Petitioner C.K., a Native American juvenile, appeals the sentence imposed by the District Court. C.K. was charged with being a juvenile delinquent by committing two acts of aggravated sexual abuse. On remand, the District Court sentenced C.K. to a term of custody until his nineteenth birthday and to two years of juvenile supervision thereafter.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A district court's issuance of a juvenile sentence is reviewed for an abuse of discretion. *United States v. Juvenile*, 347 F.3d 778, 784 (9th Cir.2003). We affirm the District Court's sentence.

This Circuit has previously noted that any sentencing option pursuant to the Federal Juvenile Delinquency Act ("FJDA") should account for the particular "unique circumstances and rehabilitative needs of each juvenile," and any confinement of a juvenile should be done in the "least-restrictive environment." *Juvenile*, 347 F.3d at 785, 787.

On remand, the District Court reasonably accounted for the goals of the FJDA and did not abuse its discretion in issuing its sentence. First, the District Court balanced the interests of community protection with C.K.'s need to be rehabilitated. Based on corroborating testimony from Mr. Chris Quigley, C.K.'s therapist, and Dr. Lynn Maskel, an expert psychiatrist specializing in evaluating juvenile sex offenders, the District Court reasonably concluded that a "period of detention [was] necessary ... to effectuate [C.K.'s] suc-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cessful treatment." Significantly, it noted that if C.K. successfully completed his treatment prior to his nineteenth birthday, he may be considered for placement in a less restrictive facility. Moreover, C.K. would be allowed two years of juvenile supervision after his term of custody to help him integrate back into his community.

Second, the District Court accounted for C.K.'s special needs by recommending that he remain in the sex offender treatment program at the Re–Integrating Youthful Offenders ("RYO") facility in Galen, Montana, which is in closer proximity to his family than where he had been previously assigned and where he will be able to receive additional therapy on an one-to-one basis. The RYO facility appears to be the least restrictive environment in Montana for C.K. to obtain effective treatment given his progress to date.

AFFIRMED.